UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x
                                                                     :
FORDEC REALTY CORP,
                                                                     :   Case No. 1:18-cv-00085-ALC-KNF
                                        Plaintiff,
                                                                     :
                -against-
                                                                     :
TRAVELERS EXCESS AND SURPLUS LINES
COMPANY                                                               :
                                        Defendant.
                                                                     :
------------------------------------------------------------------- x

---

### DEFENDANT TRAVELERS EXCESS AND SURPLUS LINES COMPANY'S MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL EXPERT DISCLOSURE

---

ROBINSON & COLE LLP

Stephen E. Goldman (SG9079)
Wystan M. Ackerman (WA8267)
280 Trumbull St.
Hartford, CT 06103
Tel: (860) 275-8388
E-mail: sgoldman@rc.com
E-mail: wackerman@rc.com

- and –

Marc E. Haas (MH1717)
666 Third Avenue, 20th floor
New York, NY 10017
Tel: (212) 451-2900
E-mail: mhaas@rc.com

*Attorneys for Defendant Travelers Excess and Surplus Lines Company*

## PRELIMINARY STATEMENT

Defendant Travelers Excess and Surplus Lines Company ("Travelers"), by and through its undersigned attorneys, respectfully submits this memorandum of law in support of its motion to strike Plaintiff Fordec Realty Corp.'s ("Fordec") untimely Supplemental Expert Disclosure.

As explained in more detail below, the issue addressed in this motion is straightforward—that is, that Fordec improperly attempted to cure its deficient expert disclosure by serving an untimely "supplemental" disclosure. All of the "new" information contained in Fordec's supplemental expert disclosure is information that was available to Fordec and its purported experts at the time Fordec's initial expert disclosure was prepared and served. Thus, in issuing the supplemental expert disclosure, Fordec is attempting to circumvent its obligation to provide a timely, complete, and accurate expert disclosure. Here, Fordec's supplemental expert disclosure was provided more than a month after the deadline in Your Honor's Revised Scheduling Order (CM/ECF Doc. No. 26), and approximately two weeks after Travelers served its own expert disclosures.

In addition to the untimeliness of Fordec's expert disclosure, Travelers maintains its position that Fordec's expert disclosure is patently improper and deficient under Rule 26(a). Pursuant to the Court's Order (CM/ECF Doc. No. 33), however, this motion is limited solely to the issue of the untimeliness of Fordec's supplemental expert disclosure, and will not address any other deficiencies with Fordec's expert disclosure.

For these reasons, and for the reasons set forth in more detail below, Travelers respectfully request that the Court strike Fordec's Supplemental Expert Disclosure.

## STATEMENT OF RELEVANT FACTS AND PROCEDURAL BACKGROUND

This lawsuit involves insurance coverage issues arising out of a claim made by Fordec to Travelers for property damage to the building located at 3000 Jerome Avenue, Bronx, New York caused by a partial collapse occurring on or about February 19, 2017.  Fordec and Travelers dispute certain issues regarding whether the property insurance policy issued by Travelers provides coverage for the loss, and the amount owed if the policy is determined to provide coverage.  As a result, Fordec commenced this lawsuit.

On October 18, 2018, the Court entered a Revised Scheduling Order (CM/ECF Doc. No. 26) (the "RSO").  The RSO directed that "Plaintiff shall serve its expert disclosures and expert witness reports on or before November 30, 2018," and "Defendant shall serve its expert disclosures and expert witness reports on or before December 21, 2018."  The RSO thus made clear that what was required to be served, consistent with Fed. R. Civ. P. 26(a)(2)(B), included expert reports "prepared and signed by the witness" including various components specified by the rule. All fact and expert discovery is directed to be completed on or before January 30, 2019.

On November 30, 2018, Fordec served its "Expert Disclosure Pursuant to Fed R. Civ. P. 26(a)(2)."  *See* the January 18, 2019 Affirmation of Marc E. Haas ("Haas Aff.") at Exhibit A. On December 21, 2018, Travelers served its "Disclosure of Expert Witnesses Pursuant to Fed R. Civ. P. 26(a)(2)."  *See* Haas Aff. at ¶ 3.  That same day, counsel for Travelers wrote to the Court pursuant to Your Honor's Individual Rules and Local Civil Rule 37.2 to request a pre-motion conference to address deficiencies in Fordec's expert disclosure.  *See* Haas Aff. at Exhibit B.

On January 2, 2019, the Court issued an order (CM/ECF Doc. No. 30) denying the request for a conference, stating that: "The disclosure deficiencies alleged in the letter appearing at Docket Entry No. 29 are addressed by the sanction provided in Fed. R. Civ. P. 37(c)(1), which

is a self-executing sanction. Therefore, neither the conference requested nor the motion contemplated by the plaintiff [sic] is necessary."

On January 4, 2019, Fordec served its "Supplemental Expert Disclosure Pursuant to Fed. R. Civ. P. 26(a)(2). *See* Haas Aff. at Exhibit C.

On January 7, 2019, counsel for Travelers again wrote to the Court pursuant to Your Honor's Individual Rules and Local Civil Rule 37.2, this time to request a pre-motion conference to address issues with Fordec's supplemental expert disclosure. *See* Haas Aff. at Exhibit D. Counsel for Fordec filed a response to the January 7, 2019 letter on January 8, 2019. *See* Haas Aff. at Exhibit E. Your Honor issued an Order on January 11, 2019 which provided, in part, that Travelers could file the instant motion on or before January 18, 2019 to "challenge only the timeliness of the plaintiff's expert disclosure supplementation." (CM/ECF Doc. No. 33).

## ARGUMENT

### I.

### FORDEC'S SUPPLEMENTAL EXPERT DISCLOSURE IS UNTIMELY, AND THEREFORE SHOULD BE STRICKEN

Federal Rule of Civil Procedure 26(e) provides in pertinent part that a party who has made a disclosure under Fed. R. Civ. P. 26(a) must supplement or correct its disclosure in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional corrective information has not otherwise been made known to the other parties during the discovery process or in writing. Rule 26(e), however, is not a vehicle to permit a party to serve a deficient opening disclosure and then attempt to remedy any deficiencies through the issuance of a "supplemental" disclosure. *See Lidle v. Cirrus Design Corp.*, 08 Civ. 1253 (BSJ)(HBP), 2009 U.S. Dist. LEXIS 118850 at *17 (S.D.N.Y. 2009); *see also Downing v. Tappan Zee Constructors,* LLC, 16 Civ. 1114 (VB), 2018 U.S. Dist. LEXIS

197018 at *6 (S.D.N.Y. 2018) ("An expert is not permitted to file a supplemental disclosure unless it relies on information previously unknown or unavailable"); *Williams v. County of Orange*, 03 Civ. 5182 (LMS), 2005 U.S. Dist. LEXIS 46051 at *13 (S.D.N.Y. 2005) ("The information contained in the [supplemental] disclosure is not supplemental as the Defendants contend, but is required to be disclosed under Rule 26(a)(2) at the times and in the sequence directed by the court....")

At the time an expert disclosure is served, it is required to reflect all of the information known and available, and is only to be supplemented when information that was previously unknown or available is discovered that renders the initial disclosure inaccurate or misleading because it was incomplete.  *See Sandata Techs., Inc. v. Infocrossing, Inc.*, 05 Civ. 09546 (LMM)(THK), 2007 U.S. Dist. LEXIS 85176 at *11-12 (S.D.N.Y. 2007); *see also Peterson v. Home Depot U.S.A., Inc.*, 11 Civ. 5747 (ER), 2013 U.S. Dist. LEXIS 143419 at *7 (S.D.N.Y. 2013) ("It is assumed that at the time an expert issues his report, that report reflects his full knowledge and complete opinions on the issues for which his opinion has been sought…."); *Bard v. Bd. Of Educ.*, 99 civ. 0149 (BSJ)(DF), 2002 U.S. Dist. LEXIS 1840 at *12 (S.D.N.Y. 2002)  (holding that Rule 26(e) "was not intended to allow an expert report to be produced after the deadline for such production, in the guise of augmenting or correcting disclosures made during fact discovery").

An expert disclosure is only to be supplemented when, subsequent to the issuance of the report, information is discovered that was previously unknown or unavailable. *Peterson*, 2013 U.S. Dist. LEXIS 143419 at *7-8 (S.D.N.Y. 2013).  Stated another way, Rule 26(e) does not grant Fordec a license to supplement a previous expert disclosure simply because it wants to.

*See Sherman v. Bear Stearns Co.*, 263 F. Supp. 3d 446, 451 (S.D.N.Y. 2017) (quoting *Sandata Techs., Inc. v. Infocrossing, Inc.*, 2007 U.S. Dist. LEXIS 85176 (S.D.N.Y. 2007)).

As explained by the Court in *Downing*, "[b]y only allowing supplemental disclosures that rely on previously unknown or unavailable information, Rule 26(e) ensures experts are not free to continually bolster, strengthen, or improve their reports by endlessly researching the issues they already opined upon, or to continually supplement their opinions."  *Downing*, 2018 U.S. Dist. LEXIS 197018 at *6-7 (S.D.N.Y. 2018) (quoting *Sherman*, 263 F. Supp. 3d at 451 (S.D.N.Y. 2017)).

Here, all of the "new" information contained in Fordec's supplemental expert disclosure is information that was available to Fordec and its experts at the time the initial expert disclosure was served, and there is no reason that it was not provided in the initial disclosure.  In fact, aside from having its experts sign the supplemental disclosure and providing additional information that should have been provided in the initial expert disclosure, such as "statements of study and testimony compensation," "summary of exhibits," and "witness qualifications/publications authored," the modifications to Fordec's expert disclosure all constitute an attempt to bolster and expand upon the opinions and testimony that Fordec claims will be provided by its experts.

By way of example, Fordec's initial expert disclosure states, in part, that John T. Walsh, P.E. is expected to testify that "as the girder, column and connection were all encased in concrete the progressive deterioration may not have been recognized as a situation that would lead to failure mode." *See* Haas Aff. at Exhibit A, p. 3.  Fordec's supplemental expert disclosure expands on the information provided and states (still quite vaguely) that Mr. Walsh is expected to testify that "the paired girders, column and common connection at the 2nd floor were all encased in concrete, rust stains and cracks in the concrete fireproofing existed in many places,

but these were not evidence of impending collapse, the progressive deterioration may not have been recognized as a situation that would lead to failure mode." *See* Haas Aff. at Exhibit C, p. 3.

Fordec's supplemental expert disclosure is replete with similar revisions, all of which are patently improper. As explained by the Court in *Sandata*, Rule 26(e) sets forth a "duty to supplement or correct," and [d]uties are usually owed to the other people, and are not for the benefit of the party who has the duty." *Sandata Techs., Inc.*, 2007 U.S. Dist. LEXIS 85176 at *21-22 (S.D.N.Y. 2007). Importantly, none of the additional information contained in Fordec's "supplemental" expert disclosure is "new." Instead, it is clear that Fordec's supplemental disclosure was improperly issued in an attempt to cure deficiencies in its initial expert disclosure, and to bolster and expand upon the information and testimony that Fordec claims will be provided by its experts.

For all of the reasons discussed above, preclusion of Fordec's supplemental expert disclosure is warranted and appropriate. *See Williams v. County of Orange*, 03 Civ. 5182 (LMS), 2005 U.S. Dist. LEXIS 46051 at *13 (S.D.N.Y. 2005) (holding that testimony of an expert was properly excluded because, among other reasons, the information contained in a supplemental disclosure was "not supplemental…, but [was] required to be disclosed under Rule 26(a)(2) at the times and in the sequence directed by the court," and that defendant's "piecemeal disclosure [was] not consistent with the terms of Rule 26(a)(2)(B)."); *Sherman*, 263 F. Supp. 3d at 451 (S.D.N.Y. 2017) (holding that it was appropriate and within the court's discretion to exclude a revised expert disclosure that did not rely on previously unknown information and was therefore not a supplemental disclosure under Rule 26; *Sandata Techs., Inc.*, 2007 U.S. Dist. LEXIS 85176 at *28 (S.D.N.Y. 2007) (holding that preclusion of a party's supplemental disclosures was

warranted where the supplemental disclosures were "untimely, unauthorized, and created under false pretenses").

Accordingly, Travelers respectfully requests that the Court issue an order striking Fordec's supplemental expert disclosure.

Dated: New York, New York
January 18, 2019

ROBINSON & COLE LLP

 /s/ Marc E. Haas
Marc E. Haas (MH1717)
666 Third Avenue, 20th floor
New York, NY 10017
Tel: (212) 451-2900
E-mail: mhaas@rc.com

- and –

Stephen E. Goldman (SG9079)
Wystan M. Ackerman (WA8267)
280 Trumbull St.
Hartford, CT 06103
Tel: (860) 275-8388
E-mail: sgoldman@rc.com
E-mail: wackerman@rc.com

*Attorneys for Defendant Travelers Excess and Surplus Lines Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 18, 2019 a copy of the foregoing was served upon all counsel of record via the Court's CM/ECF system.

_____/s/ Marc E. Haas_____
Marc E. Haas
