UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x
                                 :

FORDEC REALTY CORP,

                                :   Case No. 1:18-cv-00085-ALC-KNF

                    Plaintiff,

                                :

        -against-

                                :

TRAVELERS EXCESS AND SURPLUS LINES
COMPANY,                           :

                    Defendant.

                                :
------------------------------------------------------------------- x

## DEFENDANT TRAVELERS EXCESS AND SURPLUS LINES COMPANY'S MOTION TO STRIKE PLAINTIFF'S EXPERT DISCLOSURES AND PRECLUDE EXPERT WITNESS TESTIMONY

ROBINSON & COLE LLP

Stephen E. Goldman (SG9079)
Wystan M. Ackerman (WA8267)
280 Trumbull Street
Hartford, CT  06103
Tel: (860) 275-8388
E-mail: sgoldman@rc.com
E-mail: wackerman@rc.com

- and –

Marc E. Haas (MH1717)
666 Third Avenue, 20th floor
New York, NY  10017
Tel: (212) 451-2900
E-mail: mhaas@rc.com

*Attorneys for Defendant Travelers Excess
and Surplus Lines Company*

## <u>TABLE OF CONTENTS</u>

<strong><u>Page</u></strong>

PRELIMINARY STATEMENT ........................................................ 1

STATEMENT OF RELEVANT FACTS AND PROCEDURAL BACKGROUND.................. 2

ARGUMENT .................................................................. 4

    I.      PLAINTIFF FAILED TO COMPLY WITH FED. R. CIV. P. 26(a)(2)(B) ......... 4

    II.    PLAINTIFF IMPROPERLY DESIGNATED WITNESSES AS
           FED. R. CIV. P. 26(a)(2)(C) WITNESSES ..................................... 6

    III.   PLAINTIFF'S SUPPLEMENTAL EXPERT DISCLOSURE
           WAS UNTIMELY, AND SHOULD THEREFORE BE
           STRICKEN ................................................................. 10

    IV.   SELF-EXECUTING SANCTIONS REMAIN APPROPRIATE
           PURSUANT TO FED. R. CIV. P. 37 ...................................... 13

CONCLUSION............................................................... 15

CERTIFICATE OF SERVICE ................................................. 17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Eastern CT Health Network, Inc.*,
   2013 U.S. Dist. LEXIS 134513 (D. Conn. 2013) ..................................................9

*Arnold v. Krause, Inc.*,
   232 F.R.D. 58 (W.D.N.Y. 2004).........................................................................14

*Atkins v. County of Orange*,
   372 F. Supp. 2d 377 (S.D.N.Y. 2005).................................................................5

*Bard v. Bd. Of Educ.*,
   99 civ. 0149 (BSJ)(DF), 2002 U.S. Dist. LEXIS 1840 (S.D.N.Y. 2002) ...............11

*Design Strategy, Inc. v. Davis*,
   469 F.3d 284 (2d Cir. 2006).............................................................................14

*Downing v. Tappan Zee Constructors*, LLC
   16 Civ. 1114 (VB), 2018 U.S. Dist. LEXIS 197018 (S.D.N.Y. 2018)............10, 11

*Giladi v. Strauch*,
   94 Civ. 3976, 2001 U.S. Dist. LEXIS 4645 (S.D.N.Y. 2001) ...................................5

*Hogan v. Vandewater*,
   11 Civ. 0754 (DNH)(ATB), 2016 U.S. Dist. LEXIS 194494 (N.D.N.Y 2016) .......8

*Lidle v. Cirrus Design Corp.*,
   08 Civ. 1253 (BSJ)(HBP), 2009 U.S. Dist. LEXIS 118850 (S.D.N.Y. 2009).........10

*Peterson v. Home Depot U.S.A., Inc.*,
   11 Civ. 5747 (ER), 2013 U.S. Dist. LEXIS 143419 (S.D.N.Y. 2013) ...................11

*Pierce v. City of N.Y.*,
   2017 U.S. Dist. LEXIS 93087 (E.D.N.Y. June 16, 2017) .......................................7

*Reynolds v. Am. Airlines, Inc.*,
   14 Civ. 2429 (CLP), 2017 U.S. Dist. LEXIS 192822 (E.D.N.Y. 2017)...................9

*Robinson v. Suffolk County Police Dep't*,
   08 Civ. 1874 (AKT), 2011 U.S. Dist. LEXIS 119356 (E.D.N.Y. 2011) .................4

*Sandata Techs., Inc. v. Infocrossing, Inc.*,
   05 Civ. 09546 (LMM)(THK), 2007 U.S. Dist. LEXIS 85176 (S.D.N.Y. 2007).........11, 12, 13

## <u>TABLE OF CONTENTS</u>

**Page(s)**

*Scantibodies Laboratory, Inc. v. Church & Dwight Co., Inc.*,
    14-cv-2275, 2016 WL 11271874 (S.D.N.Y. 2016) .................................................14

*Sherman v. Bear Stearns Co.*,
    263 F. Supp. 3d 446 (S.D.N.Y. 2017)..............................................................11, 13

*Socha v. 110 Church, LLC*,
    2014 U.S. Dist. LEXIS 156976 (S.D.N.Y. 2014) ..............................................7, 8

*Williams v. County of Orange*,
    03 Civ. 5182 (LMS), 2005 U.S. Dist. LEXIS 46051 (S.D.N.Y. 2005) ...........10, 13

**Rules**

Fed. R. Civ. P. 26 ............................................................................................ *passim*

Fed. R. Civ. P. 37 ....................................................................................2, 3, 14, 15

Federal Rule of Evidence 702 .......................................................................................7

Local Civil Rule 37.2 .....................................................................................................3

## PRELIMINARY STATEMENT

Defendant Travelers Excess and Surplus Lines Company ("Travelers"), by and through its undersigned attorneys, respectfully submits this memorandum of law in support of its motion to strike Plaintiff Fordec Realty Corp.'s ("Fordec") Expert Disclosure and Supplemental Expert Disclosure, and to preclude expert testimony.

Fordec's haphazardly prepared expert disclosures fall far short of complying with the requirements of Fed. R. Civ. P. 26. Fordec's expert disclosures are patently improper and deficient under Rule 26(a) because Fordec failed to provide appropriate expert reports, and improperly designated witnesses as Rule 26(a)(2)(C) witnesses in an attempt to avoid having them prepare an expert report in the first place.

As explained by Fordec's attorney, "Plaintiff needed to rush to timely provide its November 30, 2018 expert response…." (*See* the June 18, 2019 Declaration of Marc E. Haas ("Haas Dec.") at Exhibit A, p. 2.) Instead of writing to the Court to request an extension of the deadlines set forth in the scheduling order, Fordec decided to implement the strategy of serving a deficient expert disclosure which it thought could simply be supplemented at a later date. Fordec was wrong.

All of the "new" information contained in Fordec's supplemental expert disclosure was information that was available to Fordec and its purported experts at the time Fordec's initial expert disclosure was prepared and served. Thus, Fordec's supplemental expert disclosure was merely an attempt to circumvent its obligation to provide a timely, complete, and accurate initial expert disclosure. Here, Fordec's supplemental expert disclosure was provided more than a month after the deadline in the Court's Revised Scheduling Order, and approximately two weeks after Travelers served its own expert disclosures. Fordec's "need to rush to timely provide" its initial expert disclosure is not a valid reason for the blatant deficiencies that were contained

1

therein.  In any event, as set forth in more detail below, even though Fordec eventually issued a "supplemental" expert disclosure, that supplement failed to remedy the significant deficiencies that existed in the initial disclosure.

Accordingly, Travelers respectfully requests that the Court issue an order striking Fordec's Expert Disclosure and its "Supplemental" Expert Disclosure, precluding the testimony of the experts improperly identified by Fordec in its disclosures, and for any further sanctions the Court deems warranted pursuant to Fed. R. Civ. P. 37.

## STATEMENT OF RELEVANT FACTS AND PROCEDURAL BACKGROUND

This lawsuit involves insurance coverage issues arising out of a claim made by Fordec to Travelers for property damage to the building located at 3000 Jerome Avenue, Bronx, New York caused by a partial collapse that occurred on or about February 19, 2017.  Fordec and Travelers continue to dispute certain issues regarding whether the property insurance policy issued by Travelers provides coverage for the loss, and the amount owed if the policy is determined to provide coverage.  As a result, Fordec commenced this lawsuit.

On October 18, 2018, the Court entered a Revised Scheduling Order (CM/ECF Doc. No. 26) (the "RSO").  The RSO directed that "Plaintiff shall serve its expert disclosures and expert witness reports on or before November 30, 2018," and "Defendant shall serve its expert disclosures and expert witness reports on or before December 21, 2018."  The RSO thus made clear that what was required to be served, consistent with Fed. R. Civ. P. 26(a)(2)(B), included expert reports "prepared and signed by the witness" including various components specified by the rule.

On November 30, 2018, Fordec served its "Expert Disclosure Pursuant to Fed R. Civ. P. 26(a)(2)."  (*See* Haas Dec. at Exhibit B.)   On December 21, 2018, Travelers served its

"Disclosure of Expert Witnesses Pursuant to Fed R. Civ. P. 26(a)(2)."  (*See* Haas Dec. at ¶ 3.) That same day, counsel for Travelers wrote to the Court pursuant to Your Honor's Individual Rules and Local Civil Rule 37.2 to request a pre-motion conference to address deficiencies in Fordec's expert disclosure.  (*See* Haas Dec. at Exhibit C.)

On January 2, 2019, the Court issued an order (CM/ECF Doc. No. 30) denying the request for a conference, stating that: "The disclosure deficiencies alleged in the letter appearing at Docket Entry No. 29 are addressed by the sanction provided in Fed. R. Civ. P. 37(c)(1), which is a self-executing sanction. Therefore, neither the conference requested, nor the motion contemplated by the plaintiff [sic] is necessary."

On January 4, 2019, Fordec served its "Supplemental Expert Disclosure Pursuant to Fed. R. Civ. P. 26(a)(2).  (*See* Haas Dec. at Exhibit D.)

On January 7, 2019, counsel for Travelers again wrote to the Court pursuant to Your Honor's Individual Rules and Local Civil Rule 37.2, this time to request a pre-motion conference to address issues with Fordec's supplemental expert disclosure.  (*See* Haas Dec. at Exhibit E.) Counsel for Fordec filed a response to the January 7, 2019 letter on January 8, 2019.  (*See* Haas Dec. at Exhibit F.)  Your Honor issued an Order on January 11, 2019 which provided, in part, that Travelers could file a motion on or before January 18, 2019 to "challenge only the timeliness of the plaintiff's expert disclosure supplementation."  (CM/ECF Doc. No. 33).

On June 4, 2019, the Court issued an Order vacating its January 2, 2019 and January 11, 2019 Orders.  (CM/ECF Doc. No. 64).  The Order further provided that "[a]ny motion by any party in connection with the plaintiff's expert disclosures shall be made on or before June 18, 2019."  (*Id.*)

## ARGUMENT

## I.

## PLAINTIFF FAILED TO COMPLY WITH FED. R. CIV. P. 26(a)(2)(B)

There can be no dispute that a disclosure identifying a witness as an expert under Fed. R.

Civ. P. 26(a)(2)(B) must be accompanied by a written report that is prepared and signed by the

witness.  Courts are well within their authority to "strike expert reports that are incomplete and

insufficiently detailed to satisfy Rule 26(a)(2)."  *Robinson v. Suffolk County Police Dep't*, 08

Civ. 1874 (AKT), 2011 U.S. Dist. LEXIS 119356 at *5 (E.D.N.Y. 2011).  With that in mind,

Rule 26(a)(2)(B) specifically provides that an expert's report must contain:

    i.    A complete statement of all opinions the witness will express and the basis and reasons for them;
    ii.    The facts or data considered by the witness in forming them;
    iii.    Any exhibits that will be used to summarize them;
    iv.    The witness's qualifications, including a list of all publications authored in the previous 10 years;
    v.    A list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
    vi.    A statement of the compensation to be paid for the study and testimony in the case.

Fordec's expert disclosures identify John T. Walsh, P.E. and Aranit Ametaj as

"Witnesses Who Must Provide a Written Report Pursuant to Rule 26(a)(2)(B)," yet Fordec failed

to provide an appropriate report prepared by each such expert.

Instead, Fordec only included 13 pages of notes apparently prepared by Mr. Walsh on

November 29, 2018, and those notes are limited to a calculation of Fordec's purported damages.

Fordec's expert disclosures, however, do not state that Mr. Walsh's expert testimony will be

limited to the issue of damages.  Instead, Fordec states that Mr. Walsh will provide expert

testimony about such things as: (1) the condition of the property; (2) causation; (3) shoring and

mitigation efforts; (4) design, scope, and repairs of the alleged damage to restore it to its pre-loss

condition; and (5) the work performed by various subcontractors and the interaction with governmental departments and/or agencies. (*See* Haas Dec. at Exhibit A). None of these topics are addressed in the notes prepared by Mr. Walsh. In any event, the notes included with Fordec's expert disclosures simply do not qualify as a written expert report under Rule 26.

Although Fordec attempted to cure some of the deficiencies in its "supplemental" disclosure by providing general information about Mr. Walsh's qualifications and a statement of the compensation to be paid, it still has not provided an appropriate report containing: (1) a complete statement of all opinions the witness will express and the basis and reasons for them, and (2) the facts or data considered by the witness in forming them. Fordec has also refused to identify any exhibits that will be used to summarize the experts opinions. Instead, in its "supplemental" disclosure, Fordec simply includes a vague "summary of exhibits" which identified only "photographs, NYC DOB filed documents; emails, invoices, and correspondence already submitted and exchanged."

With respect to Mr. Ametaj, the same deficiencies exist, although it is significant to note that Fordec failed to provide any report whatsoever for Mr. Ametaj. In an effort to cure this defect, Fordec's "supplemental" expert disclosure included the same "notes" previously put forth as Mr. Walsh's expert report, but this time Mr. Ametaj signed his name at the end.

As the Court held in *Atkins v. County of Orange*, 372 F. Supp. 2d 377 (S.D.N.Y. 2005):

> "A report is deficient if it fails to include any of the underlying conclusions on which the expert's ultimate opinions are based. Bald conclusions on the ultimate issues do not alone amount to a 'detailed and complete written report' of the expert's expected testimony …. A report is also deficient if it fails to set forth 'a complete statement' of the 'basis and reasons' for the expert's opinions."

*Id.* at 395 (quoting *Giladi v. Strauch*, 94 Civ. 3976, 2001 U.S. Dist. LEXIS 4645 (S.D.N.Y. 2001).

Here, Fordec has, without question, failed to provide an appropriate written report prepared by its experts.  There is absolutely no valid reason why these required reports did not accompany Fordec's expert disclosure, and Fordec's failure in that regard was therefore not substantially justified or harmless.  Fordec's expert disclosures contain nothing more than bald and conclusory statements, and generalizations about the topics on which the experts will testify. Significantly, the disclosures do not even provide the designated experts' ultimate conclusions, and certainly do not provide an explanation of the basis and reasons for any such conclusion.

Simply put, Fordec was obligated to provide written reports prepared by its experts, but failed to do so.  As a result, Fordec should be precluded from having any of its experts testify about opinions that are not contained in an expert report that complies with Fed. R. Civ. P. 26(a)(2)(B).

## II.

### PLAINTIFF IMPROPERLY DESIGNATED WITNESSES AS FED. R. CIV. P. 26(a)(2)(C) WITNESSES

In addition to identifying Mr. Walsh and Mr. Ametaj as experts, Fordec identified two witnesses who it contends are experts who do not need to provide a written report—Ronald Ogur, P.E., and Cynthia Laracuente.

With respect to Mr. Ogur and Ms. Laracuente, Fordec has previously claimed that it was not required to produce expert reports for any of the four witnesses because "Plaintiff[] did not *initially* engage any of the witnesses named in it its Expert Disclosure to be Expert Witnesses …."  (*See* Haas Dec. at Exhibit A, p. 1 (emphasis added).)  This position is contrary to the plain language, purpose, and intent of Fed. R. Civ. P. 26(a).  Even if Fordec "later engaged" the witnesses to be experts in this lawsuit, they were still required to provide appropriate written reports.

Fordec's pre-suit engagement of its experts does not, in and of itself, qualify them as witnesses who do not need to prepare a report under Fed. R. Civ. P. 26(a)(2)(C).  As explained by the Advisory Committee in its notes on the 2010 Amendment to Rule 26, Rule 26(a)(2)(C) allows the designation of expert witnesses such as "physicians and other health care professionals" who are *not* retained by the party disclosing them. *See* Fed. R. Civ. P. 26 advisory committee's notes (2010). The case law reflects that it is rare that parties have attempted to disclose expert witnesses under Rule 26(a)(2)(C) that are not treating physicians.

In any event, this rule is entirely inapplicable here where Fordec's own disclosures demonstrate that each witness has in fact been retained by Fordec for the purpose of providing expert testimony in this case, regardless of any prior pre-litigation involvement. Significantly, Fordec's supplemental expert disclosure provides that Mr. Walsh and Ms. Laracuente will be charging $2,500 per half day and $3,750 per full day of trial testimony; Mr. Ogur will be charging $600 per hour for trial testimony; and Mr. Ametaj will be charging $400 per hour for trial testimony.  Thus, these witnesses were clearly retained by Plaintiff and were therefore required to provide expert reports.

Further, even in the context of treating physicians, which is the focus of case law interpreting Rule 26(a)(2)(C), courts have explained that "where a physician's testimony relies upon 'scientific, technical, or other specialized knowledge,' or facts and evidence outside the scope of treatment, the testimony is governed by Federal Rule of Evidence 702, requiring expert disclosure under Federal Rule of Civil Procedure 26[(a)(2)(B)]," with a full expert report. *Pierce v. City of N.Y.*, 2017 U.S. Dist. LEXIS 93087, at *7-8 (E.D.N.Y. June 16, 2017).  The court  in *Socha v. 110 Church, LLC (In re World Trade Ctr. Lower Manhattan Disaster Site Litigation)*, 2014 U.S. Dist. LEXIS 156976 (S.D.N.Y. 2014) further explained:

> Where the medical records provide the primary basis for a treating physician's opinion at trial, an abbreviated disclosure pursuant to FRCP 26(a)(2)(C) is likely adequate because it is supplemented by such records. However, where the doctor seeks to render an opinion based on facts, experiences, or observations not apparent from, or adequately disclosed in, the medical records, the abbreviated disclosure may fail to fully develop the expert's opinion and the scientific basis upon which the opinion rests. As a result, an opposing party may be unable to test sufficiently the expert's opinion during depositions and suffer unfairly from this handicap at trial.
>
> Due to this concern, several Courts have required expert reports under FRCP 26(a)(2)(B) where the treating physician intends to offer opinions based upon information the opposing side cannot easily glean from medical records. (internal citations omitted).

*Id*. at * 51-52.

Here, it is apparent that Fordec intends to have these witnesses provide expert testimony about things other than the facts of the pre-litigation work they purportedly performed at Fordec's request. The abbreviated disclosures provided by Fordec, however, have not only prevented Travelers from discovering the ultimate conclusions of the experts, but from being able to sufficiently test the experts' opinions during focused depositions. It is significant that neither Fordec's initial expert disclosure, nor its supplemental expert disclosure actually contain the witnesses' ultimate conclusions. Rather, the disclosures describe the nature of the testimony in broad, vague terms without specifics (other than the handwritten scope of repair prepared by Mr. Walsh). Thus, Travelers is left to guess what the witnesses will testify about.

Even assuming *arguendo* that the experts identified by Fordec could qualify as experts who do not need to provide a written report, their testimony should be limited to the facts acquired and opinions formed during their pre-litigation work for Fordec. *See Hogan v. Vandewater*, 11 Civ. 0754 (DNH)(ATB), 2016 U.S. Dist. LEXIS 194494 at *16-17 (N.D.N.Y 2016) ("A treating physician … who has not complied with the reporting requirement of Rule

26(a)(2)(B) … should not be permitted to render opinions outside the course of treatment and beyond the reasonable reading of the medical records") (internal citations omitted).

Here, however, Fordec's expert disclosures make it clear that it intends to have the experts testify about opinions that extend beyond the scope of their pre-litigation work, including opinions about "mitigating and repairing the damages to Plaintiff's property."  For example, Fordec claims that its purported expert witnesses will testify about, among other things, "causation."  As the court held in *Reynolds v. Am. Airlines, Inc.*, 14 Civ. 2429 (CLP), 2017 U.S. Dist. LEXIS 192822 at *16-17 (E.D.N.Y. 2017), when an expert witness intends to "opin[e] on causation—either specific or general—the defendants are entitled to full Rule 26(a)(2)(B) reports …."

Accordingly, Fordec's expert witnesses do not qualify as witnesses who do not need to issue reports under Fed. R. Civ. P. 26(a)(2)(C), and Fordec's attempt to skirt its obligations under Fed. R. Civ. P. 26(a)(2)(B) by claiming that it did not retain any of the witnesses was patently improper.

Moreover, even if Rule 26(a)(2)(C) did apply to these witnesses, Fordec still failed to comply with that rule by not providing "a summary of the facts and opinions to which the witness is expected to testify." Fordec's expert disclosures provide only the general subject matter of the expert testimony, rather than setting forth the specific facts to be relied upon and specific opinions to be given. *See*, *e.g.*, *Anderson v. Eastern CT Health Network, Inc.*, 2013 U.S. Dist. LEXIS 134513, *3 (D. Conn. Sept. 20, 2013) (precluding expert testimony of physician under Rule 26(a)(2)(C) because "Plaintiff has identified only one of the opinions that Dr. Calabrese is expected to render and otherwise has failed to provide the straightforward summary of facts and opinions required by Rule 26(a)(2)(C)(ii)").

Accordingly, Fordec should be precluded from having Mr. Ogur and Ms. Laracuente testify as experts about any opinions that are not contained in an expert report that complies with Fed. R. Civ. P. 26(a)(2)(B).

### III.

### PLAINTIFF'S SUPPLEMENTAL EXPERT DISCLOSURE WAS UNTIMELY, AND SHOULD THEREFORE BE STRICKEN

Federal Rule of Civil Procedure 26(e) provides in pertinent part that a party who has made a disclosure under Fed. R. Civ. P. 26(a) must supplement or correct its disclosure in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional corrective information has not otherwise been made known to the other parties during the discovery process or in writing.  Rule 26(e), however, is not a vehicle to permit a party to serve a deficient opening disclosure and then attempt to remedy any deficiencies through the issuance of a "supplemental" disclosure.  *See Lidle v. Cirrus Design Corp.*, 08 Civ. 1253 (BSJ)(HBP), 2009 U.S. Dist. LEXIS 118850 at *17 (S.D.N.Y. 2009); *see also Downing v. Tappan Zee Constructors,* LLC, 16 Civ. 1114 (VB), 2018 U.S. Dist. LEXIS 197018 at *6 (S.D.N.Y. 2018) ("An expert is not permitted to file a supplemental disclosure unless it relies on information previously unknown or unavailable"); *Williams v. County of Orange*, 03 Civ. 5182 (LMS), 2005 U.S. Dist. LEXIS 46051 at *13 (S.D.N.Y. 2005) ("The information contained in the [supplemental] disclosure is not supplemental as the Defendants contend, but is required to be disclosed under Rule 26(a)(2) at the times and in the sequence directed by the court....")

At the time an expert disclosure is served, it is required to reflect all of the information known and available, and is only to be supplemented when information that was previously unknown or available is discovered that renders the initial disclosure inaccurate or misleading

because it was incomplete.  *See Sandata Techs., Inc. v. Infocrossing, Inc.*, 05 Civ. 09546 (LMM)(THK), 2007 U.S. Dist. LEXIS 85176 at *11-12 (S.D.N.Y. 2007); *see also Peterson v. Home Depot U.S.A., Inc.*, 11 Civ. 5747 (ER), 2013 U.S. Dist. LEXIS 143419 at *7 (S.D.N.Y. 2013) ("It is assumed that at the time an expert issues his report, that report reflects his full knowledge and complete opinions on the issues for which his opinion has been sought…."); *Bard v. Bd. Of Educ.*, 99 civ. 0149 (BSJ)(DF), 2002 U.S. Dist. LEXIS 1840 at *12 (S.D.N.Y. 2002)  (holding that Rule 26(e) "was not intended to allow an expert report to be produced after the deadline for such production, in the guise of augmenting or correcting disclosures made during fact discovery").

An expert disclosure is only to be supplemented when, subsequent to the issuance of the report, information is discovered that was previously unknown or unavailable. *Peterson*, 2013 U.S. Dist. LEXIS 143419 at *7-8 (S.D.N.Y. 2013).  Stated another way, Rule 26(e) does not grant Fordec a license to supplement a previous expert disclosure simply because it wants to. *See Sherman v. Bear Stearns Co.*, 263 F. Supp. 3d 446, 451 (S.D.N.Y. 2017) (quoting *Sandata Techs., Inc. v. Infocrossing, Inc.*, 2007 U.S. Dist. LEXIS 85176 (S.D.N.Y. 2007)).

As explained by the Court in *Downing*, "[b]y only allowing supplemental disclosures that rely on previously unknown or unavailable information, Rule 26(e) ensures experts are not free to continually bolster, strengthen, or improve their reports by endlessly researching the issues they already opined upon, or to continually supplement their opinions."  *Downing*, 2018 U.S. Dist. LEXIS 197018 at *6-7 (S.D.N.Y. 2018) (quoting *Sherman*, 263 F. Supp. 3d at 451 (S.D.N.Y. 2017)).

Here, all of the "new" information contained in Fordec's supplemental expert disclosure is information that was available to Fordec and its experts at the time the initial expert disclosure

was served, and there is no reason that it was not contained in Fordec's initial disclosure.  In fact, aside from having its experts sign the supplemental disclosure and providing additional information that should have been provided in the initial expert disclosure, such as "statements of study and testimony compensation," "summary of exhibits," and "witness qualifications/publications authored," the modifications to Fordec's expert disclosure all constitute an attempt to bolster and expand upon the opinions and testimony that Fordec claims will be provided by its experts.

By way of example, Fordec's initial expert disclosure stated, in part, that John T. Walsh, P.E. is expected to testify that "as the girder, column and connection were all encased in concrete the progressive deterioration may not have been recognized as a situation that would lead to failure mode."  (*See* Haas Dec. at Exhibit A, p. 3.)  Fordec's supplemental expert disclosure expands on the information previously provided and states (still quite vaguely) that Mr. Walsh is expected to testify that "the paired girders, column and common connection at the 2nd floor were all encased in concrete, rust stains and cracks in the concrete fireproofing existed in many places, but these were not evidence of impending collapse, the progressive deterioration may not have been recognized as a situation that would lead to failure mode."  (*Id.* at Exhibit C, p. 3.)

Fordec's supplemental expert disclosure is replete with similar revisions, all of which are patently improper.  As explained by the Court in *Sandata*, Rule 26(e) sets forth a "duty to supplement or correct," and [d]uties are usually owed to the other people, and are not for the benefit of the party who has the duty."  *Sandata Techs., Inc.*, 2007 U.S. Dist. LEXIS 85176 at *21-22 (S.D.N.Y. 2007).  Importantly, none of the additional information contained in Fordec's "supplemental" expert disclosure is "new."  Instead, it is clear that Fordec's supplemental disclosure was improperly issued in an attempt to cure deficiencies in its initial expert

disclosure–a disclosure Fordec admits it rushed to serve–, and to bolster and expand upon the information and testimony that Fordec claims will be provided by its experts.

Preclusion of Fordec's supplemental expert disclosure is therefore warranted and appropriate. *See Williams v. County of Orange*, 03 Civ. 5182 (LMS), 2005 U.S. Dist. LEXIS 46051 at *13 (S.D.N.Y. 2005) (holding that testimony of an expert was properly excluded because, among other reasons, the information contained in a supplemental disclosure was "not supplemental…, but [was] required to be disclosed under Rule 26(a)(2) at the times and in the sequence directed by the court," and that defendant's "piecemeal disclosure [was] not consistent with the terms of Rule 26(a)(2)(B)."); *Sherman*, 263 F. Supp. 3d at 451 (S.D.N.Y. 2017) (holding that it was appropriate and within the court's discretion to exclude a revised expert disclosure that did not rely on previously unknown information and was therefore not a supplemental disclosure under Rule 26); *Sandata Techs., Inc.*, 2007 U.S. Dist. LEXIS 85176 at *28 (S.D.N.Y. 2007) (holding that preclusion of a party's supplemental disclosures was warranted where the supplemental disclosures were "untimely, unauthorized, and created under false pretenses").

**IV.**

**SELF-EXECUTING SANCTIONS REMAIN APPROPRIATE PURSUANT TO FED. R. CIV. P. 37**

Pursuant to Fed. R. Civ. P. 37(c)(1), "if a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."   The party moving for sanctions under Rule 37(c) bears the initial burden of demonstrating its adversary's discovery noncompliance.   Upon such a showing, the party subject to the sanctions motion bears the burden of proving that its discovery

non-compliance was not only substantially justified, but harmless.  *See Scantibodies Laboratory, Inc. v. Church & Dwight Co., Inc.*, 14-cv-2275, 2016 WL 11271874 at *18 (S.D.N.Y. 2016) (internal citations omitted).

As the Court previously held, these sanctions are self-executing  (CM/ECF Doc. Nos. 30 and 33), and it is up to Plaintiff "to attempt to overcome the Rule's self-executing sanction ….") (CM/ECF Doc. No. 33).  Although the preclusion sanction in Rule 37(c)(1) is "automatic" or "self-executing," Travelers acknowledges that some Southern District of New York decisions have stated that the imposition of sanctions under the rule remains a matter that is within the court's discretion, and the court may impose lesser sanctions, if it deems appropriate.  *See generally*, *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 298 (2d Cir. 2006).

As explained above, however, the sanction of preclusion is warranted in this instance as there is absolutely no justification for Fordec's failure to comply with Rule 26(a)(2), let alone substantial justification.  Instead, Fordec waited until the last minute to prepare its expert disclosure and then "rushed" so that it could provide the disclosure in advance of the Court's deadline.  (*See* Haas Dec. at Exhibit A, p. 2.)  If Fordec had a valid basis for needing additional time to provide an appropriate expert disclosure, it should have requested an extension of time from the Court instead of providing Travelers with a patently-deficient disclosure that failed to comply with either Rule 26(a)(2)(B) or 26(a)(2)(C).  *See Arnold v. Krause, Inc.*, 232 F.R.D. 58, 69 (W.D.N.Y. 2004) ("Permitting Plaintiffs to avoid preclusion under the circumstances presented would render the court's scheduling orders in this case of hollow import and severely undermine the court's duty to manage its docket by commanding compliance with orders issued pursuant to Rule 16(b).")

Moreover, it is important to note that Fordec's exposure to sanctions under Rule 37(c)(1) is entirely of its own doing.  Fordec made a strategic decision when it opted not to have its designated experts prepare written reports.  That Fordec's strategy was based on an erroneous legal conclusion does not justify allowing Fordec another "bite at the apple" to comply with Rules and Orders that it should have complied with in the first place.

Plaintiff was required to provide a complete and accurate expert disclosure on November 30, 2018, and that disclosure was to be accompanied by the written reports prepared by each of Plaintiff's retained experts, as required by Rule 26(a)(2)(B).  Instead, in its haste to meet the Court's Revised Scheduling Order deadline, Fordec produced a deficient expert disclosure that it thought might pass muster—it did not.

Accordingly, for the reasons discussed above, Travelers respectfully requests that the Court issue an order precluding Mr. Walsh, Mr. Ametaj, Mr. Ogur, and Ms. Laracuente from testifying as experts at trial, as provided for in Fed. R. Civ. P. 37(c)(1) and/or imposing any other sanctions the Court deems appropriate pursuant to Rule 37.

## <u>CONCLUSION</u>

Accordingly, Travelers respectfully requests that the Court issue an order striking Fordec's supplemental expert disclosure, precluding Mr. Walsh, Mr. Ametaj, Mr. Ogur, and Ms. Laracuente from testifying as experts at trial as a result of Fordec's failure to comply with Fed. R. Civ. P. 26(a), and imposing any other sanctions the Court deems appropriate.

Dated: New York, New York
June 18, 2019

ROBINSON & COLE LLP

/s/ Marc E. Haas
Marc E. Haas (MH1717)
666 Third Avenue, 20th floor
New York, NY 10017
Tel: (212) 451-2900
E-mail: mhaas@rc.com

- and –

Stephen E. Goldman (SG9079)
Wystan M. Ackerman (WA8267)
280 Trumbull St.
Hartford, CT 06103
Tel: (860) 275-8388
E-mail: sgoldman@rc.com
E-mail: wackerman@rc.com

*Attorneys for Defendant Travelers Excess
and Surplus Lines Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 18, 2019 a copy of the foregoing was served upon all

counsel of record via the Court's CM/ECF system.


/s/ Marc E. Haas
Marc E. Haas
