USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 3/25/20

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

| | | |
|---|---|---|
| **FORDEC REALTY CORP.**, | : | |
| | : | |
| Plaintiffs, | : | |
| -against- | : | 1:18-CV-00085 (ALC) |
| | : | **OPINION AND ORDER** |
| **TRAVELERS EXCESS AND SURPLUS LINES CO. et al,** | : | |
| | : | |
| Defendants. | : | |
| | : | |

-------------------------------------------------------------x

**ANDREW L. CARTER, JR., United States District Judge:**

On August 14, 2018, Magistrate Judge Fox issued a Memorandum and Order granting Defendant Travelers Excess and Surplus Lines Company's ("Travelers") motion to strike Plaintiff Fordec Realty Corp.'s ("Fordec") expert disclosures and preclude its expert witnesses' testimony, and denying Fordec's motion for an order confirming its compliance with all rules of federal civil procedure concerning expert disclosure. (ECF No. 74). Fordec has now filed a motion "for Reconsideration and Reargument, appealing the Memorandum and Order of Magistrate Judge Fox[.]" *Id.*

The parties dispute the appropriate characterization of Fordec's motion. For reasons explained below, I treat Fordec's motion as a timely objection to Judge Fox's order. I find Fordec's objections to be without merit and deny them. Judge Fox's decision is AFFIRMED.

1

**BACKGROUND**

**I. Factual Background**

This suit is a dispute over the scope of coverage provided by the insurance policy Defendant Travelers issued to Plaintiff Fordec.

According to Plaintiff's complaint, the policy insured property located at 3000 Jerome Avenue, Bronx, New York ("premises") for losses and damages for the period of December 10, 2016 through December 10, 2017, with building coverage in at least the amount of $40,841,309. (ECF No. 1 at 2; ECF No. 27 at 1). Plaintiff alleges that on February 19, 2017, "the Subject Premises was caused to sustain damage due to a covered peril under the Subject Policy of Insurance." (*Id.* at 2). Travelers denied Fordec's claim for property damage "claiming, among other things, that due to a policy exclusion coverage was not afforded by the policy." (*Id.* at 3). The parties dispute whether "Plaintiff had knowledge of a defective condition in the premises prior to the loss." (ECF No. 76 at 1).

**II. Relevant Law**

Fordec's Motion concerns the application of several rules of federal civil procedure. As such, I think it useful to lay out the relevant rules prior to discussing the procedural background of the case.

Rule 26(a)(2) instructs parties on the proper disclosure of expert testimony. Rule 26(a)(2) differentiates procedures for "witnesses who must provide a written report" and "witnesses who do not provide a written report." A witness must provide a written expert report when he or she "is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). Witnesses who satisfy these criteria must produce a report containing the following:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B)(i)–(vi).

"Unless otherwise stipulated or ordered by the court," all other expert witnesses need not provide a report. Fed. R. Civ. P. 26(a)(2)(C). The disclosure for a non-reporting witness must state:

> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
> (ii) a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P. 26(a)(2)(C)(i)–(ii).

All expert witness disclosures must be made "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). In the event there is no stipulation or order, disclosures are required to be made:

> (i) at least 90 days before the date set for trial or for the case to be ready for trial; or
> (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

Fed. R. Civ. P. 26(a)(2)(D)(i)–(ii).

Rule 37 lays out the penalty for failure to comply with Rule 26:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
(B) may inform the jury of the party's failure; and
(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

**III. Procedural Background**

Fordec filed its complaint in New York state court on November 8, 2017. The action was timely removed to this Court on January 5, 2018 and Travelers answered the Complaint on January 9, 2018. (ECF No. 5). On April 4, 2018, the case was referred to Magistrate Judge Fox for general pretrial services including scheduling, discovery, non-dispositive pretrial motions and settlement. (ECF No. 15).

On October 19, 2018, Judge Fox ordered Fordec to "serve its expert disclosures and expert witness reports on or before November 30, 2018" and for Defendant to do the same by December 21, 2018. (ECF No. 26). The Judge provided that "[a]ll fact and expert discovery shall be completed on or before January 30, 2019." (*Id.*)

Fordec served its initial expert disclosures pursuant to Fed. R. Civ.P. 26(a)(2) on November 30, 2018. (ECF No 74 at 1; *see* ECF No. 29-1). In these initial disclosures, Fordec listed four experts who would testify, John Walsh and Cynthia Laracuente on behalf of a company called IPAC, Aranit Ametaj of Freedom GS, Inc., and Ronald Ogur of Ogur P.C. Fordec characterized Walsh and Ametaj as witnesses required to produce a written report pursuant to Fed. R. Civ. P. 26(a)(2)(B), and Laracuente and Ogur as witnesses not required to produce a report pursuant to Fed. R. Civ. P. 26(a)(2)(C).

Fordec provided "that IPAC was retained by Fordec after the loss for a multitude of engineering work." (ECF 29-1 at 3). The disclosures further state that Walsh was "expected to testify about the conditions of the premises…and the causation of the damages…" as well as "the

4

scope of work necessary to remediate the damages to the Premises." (*Id.* at 2–3). Laracuente was to testify similarly about the condition of the premises, as well "as to her role as the administrator of all of the work performed at the Premises so that said premises could be restored to their pre-loss condition." (*Id.* at 9). Fordec also included 13 pages of Walsh's handwritten notes entitled "Cost est. to repair to exist. Condition." (*Id.* at 12–24). Walsh's signature is at the bottom. (*Id.* at 24).

As for Freedom GS, Inc., Fordec explained that the company was retained for various work following the damage. (ECF 29-1 at 5). Ametaj was "expected to testify about the condition of the premises… and the damages sustained…and certain necessary work pertaining to the loss" as well as specifically, "the emergency work and other work performed…by Freedom GS Inc. …in order for the Premises to be secured and stabilized." (*Id.*). Such work included security, the removal of cars from the premises, shoring and bracing the premises furnishing and installing a construction function and sidewalk, demolition services, and other related construction work. (*Id.* at 6). The disclosures provided that "Ametaj is expected to testify in accordance with the attached report…[,]" however, no report was attached. (*Id.* at 7).

The disclosures informed Travelers that Ogur worked for his own company, and that at Fordec's request, in October 2017, he reviewed an August 2017 engineering and architectural report relating to the premises and was expected to testify to its contents. (*Id.* at 7–8). The report included a conclusion as to the causation of the collapse of the premises. (*Id*. at 8).

On December 21, 2018, Travelers filed a letter with Judge Fox requesting a pre-motion conference to address Fordec's failure to produce expert reports for its designated expert witnesses in violation of Fed. R. Civ. 26 and the Judge's scheduling order. (ECF No. 29). Travelers argued that (1) Walsh's handwritten notes did not constitute a report compliant with

Fed. R. Civ. P. 26(a)(2)(B)(i)–(vi); (2) Fordec provided no report for Ametaj as required by Fed. R. Civ. P. 26(a)(2)(B); (3) Ogur and Laracuente were required to produce reports because they qualify as Rule 26(a)(2)(B) witnesses and Fordec improperly designated them; and (4) even assuming Ogur and Laracuente were properly designated as Rule 26(a)(2)(C) witnesses, Fordec's expert disclosure on their behalves is deficient still. (*Id.*)

Judge Fox denied Traveler's motion for a conference on January 1, 2019, explaining that "[t]he disclosure deficiencies alleged…are addressed by the sanction provide[d] in Fed. R. Civ. P. 37(c)(1), which is a self-executing sanction." (ECF No. 30). Travelers responded on January 7, 2019, following Fordec's January 4, 2019 supplemental expert disclosure. (ECF No. 31). Travelers argued that many of the same deficiencies existed still in Fordec's revised disclosures and that Fordec's supplemental submission was untimely pursuant to the Judge's October 19, 2018 scheduling order and in violation of Rule 26(a)(2)(C). (ECF No. 31 at 1–2). Travelers argued further that because Fordec's failure to satisfy Rule 26(a)'s requirements was not "substantially justified or…harmless[,]" Fordec cannot circumvent the sanctions of Rule 37(c)(1). (*Id.* at 2). Travelers requested that Judge Fox hold a pre-motion conference or grant it permission to file a motion to strike Fordec's supplemental expert report. (*Id.*).

Fordec responded to Travelers' letter, explaining that it filed the supplemental disclosure after "realiz[ing] that arguments Defendants made were valid." (ECF No. 32 at 1). Fordec's counsel, Mr. Karel, further explained that he did not receive notice of Travelers' issues with his initial disclosure until he returned from vacation January 2, 2019. (*Id.* at 2). He stated that the supplemental document merely "reiterated what was contained in materials[,] documents provided to Defendant" already. (*Id.*)

6

Judge Fox initially denied Travelers' request for a conference and for leave to file a Rule 37 motion. (ECF No. 30). He later granted Travelers leave to file a motion but limited its scope to the issue of timeliness of Fordec's expert disclosure supplementation. (ECF No. 33). On February 7, 2019, Fordec moved the Court "for an order pursuant to Fed. R. Civ. P. 26 and 37 confirming that Plaintiff had complied with all FRCP expert disclosures[.]" (ECF No. 47 at 1). On the same day, Travelers filed its motion to strike. (ECF No. 55). On June 4, 2019, Judge Fox vacated his previous orders denying Traveler's request to make a Rule 37 motion and restricting the scope of Travelers' permitted motion to timeliness. (ECF No. 64). On June 18, 2019, Travelers filed a motion to strike Fordec's expert disclosures and preclude its expert witness testimony. (ECF No. 65).

**A. The Motions Before Judge Fox**

There were four major components of Fordec's argument: (1) none of its four witnesses were required to provide reports because Fordec did not *initially* retain them to serve as expert witnesses in this matter; (2) any deficiencies in Fordec's disclosures were substantially justified because Fordec attempted diligently to remedy the issues; (3) any deficiencies in Fordec's disclosures were harmless because by the initial disclosure deadline, Defendants had all of the documents and materials upon which Fordec's experts based their opinions; and (4) preclusion was too harsh a sanction. (ECF Nos. 48, 59).

Travelers argued that Fordec's supplemental disclosure was untimely under Fed. R. Civ. P. 26(e) and should therefore be stricken, (ECF No. 66 at 10–13). Travelers also argued that even if considered, the supplemental disclosures, like the initial disclosures, do not comply with Fed. R. Civ. P. 26(a)(2)(B).

Travelers first rejected Fordec's argument that all four witnesses were exempt from preparing written reports because they were not hired "initially" to be expert witnesses. (ECF No. 66 at 6). Fordec's own disclosures make clear that at some point, Fordec did engage these witnesses for their testimony. (*Id.*). Whether Fordec *initially* hired these witnesses for non-litigation-related work is irrelevant. Fordec's disclosures, Travelers argued, indicate that Fordec intends to have the witnesses testify "beyond the scope of their pre-litigation work." (*Id.* at 9).

Travelers argued that Fordec's supplemental disclosures failed to provide compliant written reports for any of the four witnesses. With respect to Walsh, Travelers acknowledged that Fordec had provided some additional information such as Walsh's compensation and qualifications, but that it failed to provided other necessary Rule 26 information like "a complete statement of all opinions the witness will express and the basis and reasons for them" or "the facts or data considered by the witness in forming them." (*Id.* at 5) (quoting Fed. R. Civ. P. 26(a)(2)(B)). According to Travelers, Fordec also "refused to identify any exhibits that will be used to summarize the expert opinions" and its supplemental disclosure, instead "simply include[d] a vague 'summary of exhibits' which identified only 'photographs, NYC DOB filed documents; emails, invoices, and correspondence already submitted and exchanged." (*Id.*)

As for Ametaj's report, Travelers argued that in its supplemental disclosures, Fordec submitted "the same 'notes' previously put forth as Mr. Walsh's expert report" except here, Ametaj's signature was at the end. (*Id.*)

With respect to Laracuente and Ogur, Travelers argued that Fordec's disclosures were noncompliant under even the less exacting standard imposed by Rule 26(a)(2)(C). Specifically, "Fordec's expert disclosures provide only the general subject matter of the expert testimony,

rather than setting forth the specific facts to be relied upon and specific opinions to be given." (*Id.* at 9).

**B. Judge Fox's Order**

Judge Fox issued a memorandum and order deciding both motions on August 14, 2019. He granted Travelers' motion in its entirety and denied Fordec's. (ECF No. 74). Based on his review of the record, Judge Fox concluded that "[t]he supplemental expert disclosures indicate that Walsh, Ametaj, Ogur, and Laracuente were each retained to provide expert testimony in this case and contain statements about compensation to be paid for the study and expert testimony in this case, pursuant to Fed. R. Civ. P. 26(a)(2)(B)." (*Id.* at 16). As such, each witness was required to "prepare and sign a written report pursuant to Fed. R. Civ. P. 26(a)(2)(B)." (*Id.* at 16–17). Judge Fox found additionally that Fordec's "November 30, 2018 expert disclosure is deficient because it does not comply with Fed. R. Civ. P. 26(a)(2(B);" and that its supplemental disclosures did not remedy the problem because they too do not comply. (*Id.* at 17). "Thus, the plaintiff failed to comply with Rules 26(a) and 26(e) of the Federal Rules of Civil Procedure." (*Id.*) He also found that the deficiencies in Fordec's expert disclosures were neither substantially justified nor harmless. (*Id.* at 17–19).

Judge Fox additionally did consider Fordec's request for a continuance so that it could correct any deficiencies in its disclosures. However, he reasoned that a continuance would be unwarranted. The reason for the initial deficiencies was Fordec's attorney's mistakes and when Karel did try to correct these problems through a supplemental submission, the disclosures were still inadequate.

Given these findings, Judge Fox granted Travelers' motion to strike Fordec's expert disclosures and preclude its expert witnesses' testimony, and denied Fordec's motion for an

9

order confirming its compliance with all rules of federal civil procedure concerning expert disclosure, or alternatively, granting a continuance and Fordec leave to amend its expert disclosures. (*Id.* at 19).

**C. Instant Motion for Reconsideration/Objections**

On August 27, 2019, Fordec filed a motion for reconsideration and reargument and appealing Judge Fox's Memorandum and Order. (ECF No. 75). As discussed further below, the parties dispute how to characterize Fordec's motion and what standard of review governs. I consider this motion here and affirm Judge Fox's order.

**LEGAL STANDARD**

Congress has made clear that "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court…A judge of the court may reconsider any pretrial matter…where it has been shown that the magistrate judge's order is clearly erroneous of contrary to law." 28 U.S.C. § 636(b)(1)(A). Federal Rule of Civil Procedure 72(a) provides that when a non-dispositive pretrial matter is referred, after the magistrate judge issues a written decision, parties have 14 days after being served with a copy to file objections. Fed. R. Civ. P. 72(a). "A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*

Instead of filing "objections" to Judge Fox's order pursuant to Fed. R. Civ. P. 72(a), Fordec filed the instant motion for reconsideration and reargument. Fordec filed this motion within fourteen days of Judge Fox's order. In its opposition briefing, Travelers argues that I should not treat Fordec's motion as objections under Rule 72(a) because Fordec did not make proper, timely objections in compliance with this rule. (ECF 77 at 6). Fordec, in its reply brief,

asserts that it did not need to file Rule 72(a) objections to obtain the "clear error" standard of review because "no referral had been made" and Judge Fox did not provide a report with recommendations. (ECF No. 80 at 3). Fordec is incorrect.

First, I referred pretrial matters, including discovery, to Judge Fox in this case. (ECF No. 15). Second, the resolution of pre-trial matters like these does not require a formal report and recommendation. Parties still object to these orders pursuant to Rule 72(a) and district court judges consider the objections. *See, e.g. Marquez v. Hoffman*, No. 18-CV-7315, 2019 WL 5940151, (S.D.N.Y. Oct. 25, 2019) (considering objections to a magistrate judge's discovery order); *National Credit Union Admin. Bd. v. HSBC Bank US, Nat'l Assoc.*, 16 Civ. 2144, 2020 WL 91390, (S.D.N.Y Jan. 8, 2020).

Regardless of Fordec's error, because Fordec filed its motion within 14 days, and the substance of the motion is objecting to Judge Fox's Order and asking this Court to reverse his decision, I find it appropriate to treat the motion as objections. *See Colvin v. Keen*, 13-CV-3595, 2015 WL 1887084, at *9 (E.D.N.Y. Apr. 24, 2015) (Upon consideration of any timely interposed objections and "reconsider[ation]" of the magistrate judge's order, 28 U.S.C. § 636(b)(1)(A), the district judge must modify or set aside any part of the order that "is clearly erroneous or contrary to law.").

"'Discovery rulings…are nondispositive matters" subject to Rule 72(a)'s standard of review. *Eisai Ltd. v. Dr. Reddy's Laboratories, Inc.,* 406 F.Supp.2d 341, 342 (S.D.N.Y. 2005) (internal citation omitted). Accordingly, I review Fordec's motion or objections to determine whether Judge Fox's order was "clearly erroneous" or "contrary to law." "The magistrate judge's findings may be considered 'clearly erroneous' when 'on the entire evidence, the district court is left with the definite and firm conviction that a mistake has been

committed.'" *Bromfield v. Bronx Lebanon Special Care Center, Inc.*, No. 1:16-cv-10047, 2020 WL 495460, at *1 (S.D.N.Y. Jan. 30, 2020) (quoting *Easley v. Cromartie*, 532 U.S. 234, 243 (2001) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948) (internal quotation marks omitted)). "A ruling is contrary to law 'when it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" *Brown v. Barnes & Noble, Inc.*, No. 16-CV-7333, 2019 WL 5188941, at *1 (S.D.N.Y. Oct. 15, 2019) (quoting *NIKE, Inc. v. Wu*, 349 F. Supp. 3d 346, 353 (S.D.N.Y. 2018)).

"It is well-settled that a magistrate judge's resolution of a nondispositive matter should be afforded substantial deference and may be overturned only if found to have been an abuse of discretion." *Xie v. JPMorgan Chase Short-Term Disability Plan*, et al., No. 15 Civ. 4546, 2018 WL 501605, at *1 (S.D.N.Y. Jan 19, 2018); *Brown*, 2019 WL 5188941, at *1. "Thus, the party seeking to overturn a magistrate judge's decision…carries a heavy burden." *Anwar v. Fairfield Greenwich Ltd.*, 982 F. Supp. 2d 260, 263 (S.D.N.Y. 2013) (internal quotation marks and brackets omitted).

## DISCUSSION

In the instant motion, Fordec essentially raises the same arguments it put before Judge Fox, although it does reframe its main argument slightly, asserting not that its experts were not required to provide *any* report, but instead, that they were not required to provide reports covering anything other than the work they did for litigation purposes. (ECF No. 76 at 10). Fordec does not specify exactly what work its experts did for litigation purposes or explain why that work is not related to its pre-litigation work. (ECF No. 76). The argument is irrelevant. Fordec does not dispute that *at some point*, all these witnesses were retained to provide expert testimony. Accordingly, all experts were obligated to provide a written report compliant with

Rule 26(a)(2)(B). Yet, as Judge Fox covered, in neither their November 30, 2018 nor supplemental disclosures did the witnesses provide "the bases and reasons for" their opinions "or the facts or data considered in forming them[.]" (ECF No. 74 at 16). As Judge Fox also found, the supplemental disclosures were also untimely under 26(e). Fordec does not provide any other reasons as to why this finding of Judge Fox's was clearly erroneous or contrary to law. It does not provide controlling, on-point cases that Judge Fox failed to apply or relevant facts that he overlooked or interpreted mistakenly.

Fordec also argues (as it did before Judge Fox), that any Rule 26 error it made was substantially justified and harmless. With respect to substantial justification, Judge Fox focused on Plaintiff's lawyer's, Karel's, declaration in support of Fordec's motion. Karel stated that "[d]ue to the rush to provide the expert witness response by the due date for such response, [he] did not fully review what was required for the expert witness responses." He also provided "that the reason he 'expeditiously provided a supplemental response,' on January 4, 2019, 'followed by providing signatures of the experts to same on January 8, 2019,' was to respond to the 'Defendant's missive concerning alleged deficiencies' in the November 30, 2018 expert disclosure, which Karel did not receive until January 2, 2019, because he 'was on vacation.'" (*Id.* at 17). Judge Fox reasoned that "Karel admitted…that the deficiencies in the November 30, 2018 expert disclosure [were] due to his failure to perform his job properly" and that "[n]one of the excuses provided by plaintiff for its failure to comply with Fed. R. Civ. P. 26(a) or (e) constitutes substantial justification for the failure" and thus, Fordec cannot "avoid preclusion of [its] expert testimony." (*Id.*)

As to harmlessness, Judge Fox rejected Fordec's argument that because Defendant was in possession of the documents upon which its experts based their opinions and underlying reasons,

13

Fordec's failure to summarize this information by report was harmless. (*Id.* at 18). Judge Fox explained that Travelers would be "highly prejudiced" if it had to rely on these disclosures "because it will be left to guess about the missing information and will be unable to prepare for and conduct a meaningful examination of plaintiff's expert witness[es]." (*Id.*)

In its instant motion, Fordec disputes Judge Fox's conclusions, but "does not identify a mistake or failure to apply the relevant statutes, case law, or rules of procedure." *Marquez*, 2019 WL 5940151, at *4. Fordec argues again that Travelers had all the reports underlying and details of its experts' testimony by November 30, 2018. Travelers therefore would not have been "surprised" by anything the witnesses said under oath. (ECF No. 76 at 9, 12–13). These arguments are repetitive and fail to address the "clear error" and "contrary to law" standards governing this motion.

Fordec's final argument is that preclusion was too harsh a sanction in this case. "Exclusion of testimony is a form of sanction, the propriety of which hinges on '(1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the testimony of the precluded witness[ ]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance.'" *Matter of Manhattan by Sail, Inc.*, No. 12-CV-8182, 2020 WL 526107, at *6 (S.D.N.Y. Jan. 31, 2020) (quoting *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006) (quotation marks omitted) (citing *Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997)). Fordec argues that considering these factors, no sanction was warranted as Travelers suffered no prejudice, Fordec's counsel's failure to comply was not deliberate and he tried to remedy the errors as soon as he was made aware of them, the testimonies of these experts is critical to Fordec's case, and a continuance was possible. (ECF No. 76 at 14–21).

14

Judge Fox did not cite to these factors in his order, which concluded that "a continuance is not warranted and no lesser sanction than preclusion of testimony is warranted." (ECF No. 74 at 19). However, he addressed most of these factors in other places throughout his decision. For example, in discussing Fordec's lack of substantial justification, Judge Fox explained that Fordec's counsel's explanation for failing to comply with Rule 26 was inadequate. (*Id.* at 17). In discussing harmless, he covered the prejudice suffered by the opposing party prong. (*Id.* at 17–18). He also specifically addressed the continuance issue, explaining that "plaintiff's submissions in connection with its motion and the defendant's motion are replete with self-serving unsupported contentions, contain unexplained inconsistencies, and demonstrate counsel's lack of understanding of the Federal Rules of Civil Procedure, suggesting that any continuance may result in a further delay of this action, causing significant prejudice to the defendant." (*Id.* at 18–19). Although Judge Fox did not acknowledge the import of the experts' testimonies to Fordec's case, Fordec does not argue, and there is no indication that this absence made Judge Fox's decision to impose the sanction "clear error." Additionally, given the tenor of his discussion of the other factors, and the obviousness of the testimonies' importance, it is unlikely that this absent factor would have altered Judge Fox's ultimate conclusion.

Exclusion is a harsh sanction, but Judge Fox, after carefully reasoning through the facts and procedure of this case, determined that it was appropriate. That decision was within his discretion to make.

## CONCLUSION

For the reasons stated above, Plaintiff's objections are overruled.

SO ORDERED.

Dated: March 25, 2020

    New York, New York                        **ANDREW L. CARTER, JR.**

                                                     **United States District Judge**